UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE JONES,<br><br>    Plaintiff,<br><br>v.<br><br>VERNON H. WRANKE, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00685-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 3, 7, 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO (1) ASSIGN A DISTRICT JUDGE AND (2) MAIL A COPY OF THIS ORDER TO PLAINTIFF AT HIS ADDRESS ON THE DOCKET |

Plaintiff Dwayne Jones is proceeding *pro se* and *in forma pauperis*, in this civil rights action filed on May 4, 2023, pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 6). At the time Plaintiff filed the complaint, he was incarcerated at John Latorraca Correctional Center.

Because Plaintiff's complaint included the full names and birthdates of minor children of a different inmate, (ECF No. 1, p. 13), the Court set a deadline for Plaintiff to file a redacted version of the complaint (ECF No. 3), and later extended the deadline to July 7, 2023, when Plaintiff failed to timely file one (ECF No. 7). On June 23, 2023, Plaintiff filed a version of his complaint that was defective in at least three respects: (1) a different person—Gabriel Felix—

1

was named as the Plaintiff; (2) pages from the original complaint were missing; and (3) Plaintiff failed to redact the minors' information, leading the Court to direct the Clerk to seal this latest complaint to protect the minors' information. (ECF No. 8, p. 1, 11). The Court gave Plaintiff "a final opportunity to file a redacted version of his complaint," setting a deadline of July 14, 2023, to do so, and warning Plaintiff that failure to comply with the Court's order may result in the dismissal of the case. (ECF No. 9).

This extended deadline has passed, and Plaintiff once again failed to file a redacted version of his complaint. Moreover, the Court's latest two orders have been returned as undeliverable, with a notation that Plaintiff is "not in custody." (ECF Nos. 7, 9; *see* 7/5/23 and 7/14/23 docket entries) (capitalization omitted). Plaintiff has not provided the Court with an updated address as required by Local Rule 182(f)[1] and has not filed anything since his defective complaint on June 23, 2023.

Therefore, the Court will recommend that this case be dismissed, without prejudice, for failure to comply with Court orders and to prosecute this case.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to

---

[1] Local Rule 182(f) provides as follows: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made."

determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* Plaintiff's failure to file a redacted version of his complaint, despite three court orders to do so, is delaying this case. (ECF Nos. 3, 7, 9). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this case that is causing delay. Moreover, with Plaintiff having failed to update his address as required by the Local Rules, this case will not be able to progress in the future. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has failed to comply with court orders, has chosen to stop prosecuting this case, and has not updated his address, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, the fifth factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, IT IS ORDERED that the Clerk of Court is directed to (1) assign a district judge to this case and (2) mail a copy of this order to Plaintiff at his address on the docket.

\\\

\\\

And the Court RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with court orders and to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 26, 2023**            /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE